IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PEDRO MENCHACA, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-4017-L |
| v. | § | 3:12-CR-0220-L (06) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. On February 4, 2014, he pled guilty pursuant to a plea agreement to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On July 9, 2014, the district court sentenced him to 57 months in prison to be served consecutively to a federal sentence he was currently serving. He did not file an appeal.

On December 14, 2015, Petitioner filed the instant § 2255 petition.[1] He argues he received ineffective assistance of counsel when counsel told him that his sentence would run concurrently with a federal sentence that he was already serving, and that if the sentence did not

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition is filed when papers are delivered to prison authorities for mailing).

run concurrently, counsel would file an appeal. On May 11, 2016, the government filed its response arguing, *inter alia*, that the petition is time-barred. On May 21, 2016, Petitioner filed a reply. The Court now finds the petition is barred by the statute of limitations.

## II. Discussion

**1.      Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In most cases, the limitations period begins to run when the judgment becomes final. *See* 28 U.S.C. § 2255(1). Petitioner's conviction became final on July 24, 2014. *See* FED. R. CRIM. P. 4(b)(1)(A)(I) (stating appeal must be filed within ten days of judgment). Petitioner then had one year, or until July 24, 2015, to file his § 2255 petition. He did not file his petition until December 14, 2015. His petition is therefore untimely.

**2.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)).  The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir.1996)).  Petitioner bears the burden of proof to show he is entitled to equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Petitioner argues he is entitled to equitable tolling because he did not know that his sentence was not running concurrently until six months after judgment was entered.  He claims that when he met with prison officials six month after his sentencing, they informed him that his sentences were running consecutively.  He states he attempted to contact his attorney to determine whether his attorney filed an appeal and to obtain his client file, but his attorney did not respond.  He states that on October 18, 2015, he requested the transcripts in his case so he could file a § 2255 petition, but he could not afford the costs for the transcripts.

The record shows, however, that although defense counsel requested that Petitioner's sentence run concurrently with his previous case, the district court stated that Petitioner's sentence would run consecutively to his previous case. (Sent. Tr. at 25.)  Petitioner therefore knew, or could have know with the exercise of due diligence, that his sentence would be served

consecutively. Further, although Petitioner states he attempted to obtain the transcripts to his case but could not afford them, the record shows he requested transcripts on October 18, 2015. This request was made after the AEDPA limitations period expired. Petitioner has also failed to explain why his transcripts were necessary to file this § 2255 petition. Further, Petitioner failed to show due diligence in determining whether his case was on appeal. Also, after prison officials informed him that his sentences were consecutive, he waited approximately another year before filing his § 2255 petition. Petitioner has failed to show he diligently pursued his remedies. *See Fisher* 174 F.3d at 715 (5th Cir. 1999) (stating equity "is not intended for those who sleep on their rights"). Petitioner has not shown rare and exceptional circumstances justifying equitable tolling in this case.

### III. Recommendation

For the foregoing reasons, the Court recommends that Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 be DISMISSED as barred by the one-year statute of limitations.

Signed this 5th day of January, 2017.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).