IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PEDRO MENCHACA,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | |
| | § | Civil Action No. **3:15-CV-4017-L** |
| **UNITED STATES OF AMERICA,** | § | (Criminal No. 3:12-CR-220-L(06)) |
| | § | |
| Respondent. | § | |

# ORDER

On January 5, 2017, United States Magistrate Paul D. Stickney entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report"), recommending that the court deny Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and dismiss this action as time-barred. The magistrate judge also concluded that Petitioner failed to demonstrate rare and exceptional circumstances to justify equitable tolling. Petitioner filed objections to the Report, which were docketed January 26, 2017. Petitioner objects to the magistrate judge's conclusion that equitable tolling is not justified in this case because Petitioner failed to show that he exercised due diligence in pursuing his remedies.

Having reviewed the motion, briefs, file, record in this case, and the Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Petitioner's objections, **denies** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, and **dismisses with prejudice** this action as barred by the one-year statute of limitations. The court further **concludes**

that Petitioner has not established rare and exceptional circumstances to justify equitable tolling in this case.

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P.(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). In the event of an appeal, Petitioner may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5). If Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**It is so ordered** this 7th day of February, 2017.

Sam A. Lindsay
United States District Judge